Cortez-Ardon v. Bondi

BIA
Lurye, IJ
A209 007 864/866

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT:
>    REENA RAGGI,
>    MICHAEL H. PARK,
>    SARAH A. L. MERRIAM,
>        *Circuit Judges.*

_____

MARIA DOLORES CORTEZ-ARDON,
G.M. R-C.,*
>        *Petitioners*,

>    v.                                                      **23-6504**
>                                                            **NAC**

PAMELA BONDI, UNITED STATES

_____

\* We use only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Fed. R. Civ. P. 5.2(a)(3) and Fed. R. App. P. 25(a)(5).

**ATTORNEY GENERAL,**
      *Respondent.*
_____

| | |
|---|---|
| **FOR PETITIONERS:** | Joshua Bardavid, Law Office of Joshua E. Bardavid, New York, NY. |
| | |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Dolores Cortez-Ardon and her minor daughter G.M. R-C., natives and citizens of El Salvador, seek review of a decision of the BIA affirming an Immigration Judge's ("IJ") denial of Cortez-Ardon's application for asylum and withholding of removal.   *See In re Maria Dolores Cortez-Ardon, et al.*, Nos. A209 007 864/866 (B.I.A. May 4, 2023), *aff'g* Nos. A209 007 864/866 (Immigr. Ct. N.Y.C. Oct. 22, 2019).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA.   *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We

review factual findings under the substantial evidence standard and questions of law and the application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to show either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding "one central reason" standard applies to both asylum and withholding). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated

3

a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

On appeal, petitioners argue that the government of El Salvador was unable or unwilling to protect Cortez-Ardon from her daughter's father or the gang he was a member of. The government submits this court cannot review that argument because, before the BIA, petitioners failed to challenge the IJ's finding that they did not carry their burden to establish an inability or unwillingness to protect. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (citation and quotation marks omitted)). While this exhaustion requirement is "not jurisdictional," it is "mandatory" where, as here, the government properly raises it. *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (citations and quotation marks omitted).

Our determination that petitioners failed to preserve their inability or unwillingness to protect claims for review by this court is dispositive of their asylum and withholding of removal, making it unnecessary to reach the agency's alternative grounds for denying relief from removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court